IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM COWAN**, | ) | |
|     **PLAINTIFF**, | ) | |
| | ) | |
| **VERSUS** | ) | **CASE NUMBER:** _____ |
| | ) | |
| **CLARKE COUNTY, ALABAMA**; and | ) | **JURY TRIAL IS DEMANDED** |
| | ) | |
| **City of GROVE HILL, ALABAMA;** and | ) | |
| | ) | |
| **RAY NORRIS,** Sheriff, Clarke County, AL, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
| **MR. ANDREWS** (first name unknown), | ) | |
| Sheriff's Deputy, Clarke County, Alabama, | ) | |
| individually and in his official capacity, | ) | |
| | ) | |
|     **DEFENDANTS**. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, WILLIAM COWAN, by and through the undersigned attorney, and for this Complaint against the above-named Defendants would show the following:

### I. Preliminary Statement

1. This action seeks declaratory, injunctive and equitable relief; compensatory and punitive damages; and costs and attorney fees for violations of civil rights suffered by Plaintiff, WILLIAM COWAN, because Defendants jointly and severally deprived him of federally protected rights as described below.

### II. Jurisdiction

2. This action arises under the 8th and 14th Amendments to the United States Constitution and and 42 U.S.C. §1983.

1

3.      Jurisdiction is invoked pursuant to 28 USC §§1331 & 1343.

### III. Venue

4.      This action properly lies in the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district and the Defendants reside in Grove Hill, Clarke County, Alabama.

### IV. Parties

5.      Plaintiff is WILLIAM L. COWAN (hereinafter, "COWAN").    He is an adult resident citizen of Thomasville, Clarke County, Alabama.

6.      Defendant, GROVE HILL, Alabama, is a city and/or municipal corporation and considered to be a "person" under the meaning of 42 U.S.C. §1983 (see: *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690).

7.  Defendant, CLARKE COUNTY, is municipal corporation and considered to be a "person" under the meaning of 42 U.S.C. §1983 (See: *Monell, id.*);

8.      Defendant, RAY NORRIS was at all times relevant hereto, the Sheriff of Clarke County, Alabama and was acting under the color and authority of law in his official capacity and was supervisor of the Defendant, MR. ANDREWS, a deputy sheriff. Plaintiff brings bring this action against RAY NORRIS in his official and individual capacities.

12.     Defendant, MR. ANDREWS (first name unknown, hereinafter, "ANDREWS") was at all times relevant hereto, a deputy sheriff and member of the CLARKE County, Alabama Sheriff's Department and was acting under the color and authority of law in his official capacity. Plaintiff brings this action against ANDREWS in his official and individual capacities.

## V. <u>Facts</u>

13.     At all times relevant to the complaint herein, Plaintiff, COWAN was an inmate at the Clark County Jail located in Grove Hill, Alabama.

14.     On March 3, 2013, at the Clark County Jail, COWAN was sleeping in his bed (in the "E-Dorm") at approximately 2 PM.  At the time, another inmate, Brandon Hurst (hereinafter, "Hurst") was present in the room. Another inmate, Ryan Mullenax, was also present in the room and witnessed the events herein described. At the time, a guard was on duty in a station outside the room, called "the cube." This guard was an officer known to COWAN only as "MR. ANDREWS" (hereinafter, "ANDREWS").

15.     At approximately between 2 and 3pm, Hurst woke up COWAN.  Hurst immediately began harassing COWAN and attempting to steal his property -- some "Skoal" brand tobacco. COWAN resisted, saying, "I don't want no trouble."  Attempting to avoid a fight, COWAN told Hurst that if he did not leave him alone, COWAN would have to call MR. ANDREWS, the guard on duty.

16.     Hurst did not stop and began to physically assault COWAN.  COWAN did not fight back.  Rather, he "hit the buzzer" and advised ANDREWS he was being attacked by Hurst.

17.     ANDREWS entered the room in response to COWAN's call. As he entered, Hurst grabbed COWAN's "store" (his personal box/locker wherein inmates keep their personal possessions) and dumped the contents on the floor in front of ANDREWS. ANDREWS then ordered Hurst to come with him.

18.     Hurst ignored ANDREW's order.  ANDREWS then ordered, once again, for Hurst to come with him, this time threatening to use his Taser if Hurst did not comply. Hurst still

3

refused to comply.

19. ANDREWS then announced to Hurst (and everyone else in the room) that he did not have his Taser and exited the room, leaving COWAN locked in the room with no protection against Hurst.

20. Hurst immediately proceeded to brutally beat COWAN, punching him repeatedly in the face. COWAN attempted to block the attack with his arms, but tripped over the bed and fell to the ground. Hurst then started kicking him in the stomach and face. Hurst then straddled COWAN and continued beating him about the head and face.

21. Hurst's attack resulted in severe injuries to COWAN, including a cracked chin bone, a broken jaw (left side), two teeth knocked out and a cracked/chipped molar. Further evidence of injuries shall be shown at trial.

22. After an unknown period of time, ANDREWS returned to the room where COWAN was lying on the floor barely conscious, bleeding profusely from his mouth. ANDREWS then took Hurst out of the room and left COWAN on the floor.

23. After an unknown period of time, ANDREWS returned and asked COWAN if he needed a doctor. COWAN said yes, reporting that he was bleeding and had missing and loose teeth. ANDREWS did not get a doctor.

24. Another officer, known to COWAN only as "Ms. Nikki," then appeared and asked what had happened. She then asked COWAN if his head was hurting, to which he replied "yes" and that his jaw was broken. "Ms. Nikki" did not get a doctor.

25. Despite the severity of his injuries, **COWAN was given no medical treatment** other than two Tylenol pills. He was unable to eat, unable to sleep, and unable to lie down.

4

26. On the following day, March 4, 2013, while still in the jail. a man with a portable x-ray machine took x-rays of COWAN's face and head. The fractures in his jaw were confirmed. He was then taken to the emergency room at the Grove Hill Memorial Hospital, (transported in the back of a police patrol car) where he was told that they could do nothing for him because he would need an oral surgeon.  COWAN was returned to the jail on the same day, again with no medical treatment other than Tylenol.

27. The next day, Tuesday March 5, 2013, William was transported (by prison bus) to Kilby Correctional Facility, A distance of approximately 150 miles (2 &1/2 hours).  Travelled with him, was his attacker, Hurst, who taunted COWAN for the duration of the trip.

28. Upon COWAN's arrival at Kilby, he was immediately placed in the "lock-up box" (segregated-isolation) as punishment for fighting.

29. COWAN remained in "lock-up", still receiving no medical treatment whatsoever, until March 14, 2013.

30. Finally on March 14, 2013, COWAN was taken to a hospital in Montgomery where surgery was performed.

31. Immediately after the surgery, COWAN was returned to "lock up" at Kilby, where he remained for another 12 days.

32. On March 26, after spending 21 days in "lock-up," COWAN was advised that it had been a mistake; that he should not have been punished in "lock up" because he didn't do anything.

## VI. Causes of Action

### Violation of Civil Rights, 42 U.S.C. §1983

33. Plaintiff would adopt and re-allege each and every allegation previously set forth as if specifically stated herein.

34. Plaintiff would further show that at all times material hereto, the Defendants, jointly and/or severally, acted under color of state law and deprived COWAN of his Constitutional Rights, protected by 42 U.S.C. §1983, which said acts and omissions included:

- A) Deliberate indifference and failure to protect Plaintiff from harm despite actual knowledge of a substantial risk of violence to Plaintiff from another inmate.

- B) The failure to provide medical attention, where it was clearly necessary and required by law;

- C) The failure to provide supervision and/or proper training to prevent such incidents of excessive force;

- D) Punishment without due process of law;

- E) The deprivation of COWAN 's rights under the 8th Amendment of the Constitution of the United States of America and or deprivation of COWAN's rights under the 14th Amendment of the Constitution of the United States of America.

35. As a direct and proximate result of Defendants' violations, COWAN endured severe and prolonged suffering and injuries and other damages which shall be shown at trial.

WHEREFORE, Plaintiff demands judgment for damages which shall be shown at trial plus punitive damages against the defendants, jointly and severally, in their individual official capacities for the injuries and damages to COWAN in an amount to be determined by the jury, plus attorney's fees and all costs of court. Furthermore, Plaintiff prays for any further and/or different

relief the court deems appropriate.

**TRIAL BY JURY IS DEMANDED**

                                                 Respectfully submitted,

                                                 /s/ Ronald A. Herrington
                                                 RONALD (CHIP) HERRINGTON (HERRR8710)

Of counsel:

**RONALD (CHIP) HERRINGTON**
Attorney at Law, LLC
1053 Dauphin Street
Mobile, AL 36604
(251) 438-2332
(251) 599-3581 (mobile)
herrington.chip@gmail.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

City of Grove Hill, Alabama
c/o Cynthia Jackson, Mayor
466 Hurd St.
Grove Hill, AL  36451

Cynthia Jackson, Mayor
466 Hurd St.
Grove Hill, AL 36451

Cheryl Hicks, Town Clerk
P.O. Box 847
Grove Hill, AL  36451

Commission Chairman
P.O. Box 548
Grove Hill, AL  36451

Bruce Wilson
County Attorney
P.O. Box 99
Grove Hill, AL  36451

7

Ray Norris, Sheriff
P.O. Box 913
Grove Hill, AL  36451

Deputy Andrews
c/o P.O. Box 913
Grove Hill, AL  36451